Locke, Jeffrey A., J.
This matter comes before the Court on a complaint by John J. Conte, District Attorney for the Middle District, seeking to enforce the provisions of M.G.L.c. 39, §23B, commonly referred to as the Open Meeting Law. According to the complaint, the Town of Westborough through its elected Board of Selectmen and a specially appointed committee to screen applicants for the position of Town Counsel, violated c. 39, §23B by considering applicants, conducting interviews, and selecting a single applicant for recommendation to the selectmen, all of which occurred in executive session, which led to the Board of Selectmen appointing the single recommended candidate without requiring disclosure of any other applicants or finalists for the position of town counsel. The district attorney seeks an order vacating all actions taken in violation of the Open Meeting Law, release of certain Search Committee minutes, and a civil fine for each violation.[1]
Facts
The facts underlying the case are largely undisputed, the parties differing only in their characterization of the events.[2] In June 2006, the town’s Board of Selectmen established a Town Counsel Search Com-' mittee (the “Search Committee”) to solicit and consider applicants for an open position of Town Counsel and make recommendations to the Board. George Thompson, a selectman, was appointed to serve as the Board’s representative on the search committee. Also appointed were Henry L. Danis, Jr., the town coordinator and chief administrative officer, Maryanne Bilodeau, assistant town coordinator and director of human resources, Leah Talbot, town accountant, Kathryn J. Wilfert, chair of the town’s personnel board, Glenn Parker, a member of the town’s planning board, and John F. Strouse, Jr., a local attorney who served as a citizen-at-large. The Search Committee was tasked with the duty to consider and review applications for the position of Town Counsel and make recommendations to the Board.[3]
The Search Committee held seven meetings between June 20 and September 7,2006. All substantive review of candidates for the open position occurred in executive session, closed to the public. The Committee received and reviewed 24 applications, deliberated upon them and agreed to interview eight applicants.[4] Interviews took place, again, in executive session. Thereafter, again in executive session, the Committee conducted further interviews of three candidates after which the Committee decided to forward a single candidate’s name to the Board of Selectmen.[5] On September 12, 2006, during a meeting of the Board, the Search Committee recommended Attorney George B. Franks as worthy of consideration for appointment as Town Counsel. George Barrette, chair of the Board, commented that the Board had been briefed “at every level of the preliminary screening process . . .”[6] Upon objection from a member of the audience questioning the Committee’s compliance with the Open Meeting Law, Selectman George Thompson (also a member of the Search Committee) asked the Board to delay voting on the appointment of Attorney Franks until the next meeting. A week later, on September 20, 2006, the Board voted to appoint Mr. Franks as Town Counsel.
Discussion
M.G.L.c. 39, §23B provides, “All meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting . . .” To this general rule comes a series of exceptions permitting meetings in executive (closed) session. One such exception is found in §23B(8) which provides that the body may meet in executive session,
To consider and interview applicants for employment by a preliminary screening committee or a subcommittee appointed by a governmental body if an open meeting will have a detrimental effect in obtaining qualified applicants; provided, however, that this clause shall not apply to any meeting, including meetings of a preliminary screening committee or a subcommittee appointed by a governmental body, to consider and interview applicants who have passed a prior preliminary screening.
M.G.L.c. 39, §23B(8).
At issue in the instant case is the straightforward but not so simple question of when a preliminary screening of applicants for employment concludes and consideration of finalists begins.[7] Both sides rely on a single decision of the Massachusetts Supreme Judicial Court to support their opposing positions. In Gerstein v. Superintendent Search Screening Committee, 405 Mass. 465 (1989), the court construed clause (8), “to mean that, once such a committee has com *546 pleted its screening, which may include more than one step and may or may not include interviews, and has voted to recommend a candidate, the process may not be repeated in executive session.” Id. at 472. As interpreted by the SJC, the preliminary screening of applicants for employment involves a process of winnowing from a greater number of applicants a final pool of candidates worthy of recommendation to the appointing authority and may consist of several steps such as consideration of written applications or resumes, selection of some for further consideration, and interviews for the purpose of narrowing of the field of candidates. The Court specifically rejected the claim that the preliminary screening process ends when the committee first narrows the pool of applicants. Id. at 471.
In Gerstein, a search committee, considering applicants for school superintendent, reviewed letters of inquiry and resumes it had received, from which it invited some of the candidates plus 14 others whose names were referred to the committee, to submit written applications and answer written questions. The committee decided to interview 13 candidates, after which it recommended eight candidates to the school committee. Here, by contrast, the Search Committee received 24 applications, interviewed eight applicants, re-interviewed four, and decided to recommend only one to the selectmen.
According to the defendants, the procedure followed by the Search Committee was permissible under Gerstein because all of their actions preceded the selection of a “candidate worthy of recommendation . . .” Gerstein, 405 Mass. at 471. Further, say the defendants, only Attorney Franks was found worthy of recommendation for appointment through the screening process and therefore only his name was forwarded to the Board of Selectmen and made public. This argument is not persuasive. As reflected in the affidavits submitted by the members of the Search Committee, if Attorney Franks had withdrawn his name from consideration by the Board, the Committee “would have re-opened the search process by revisiting the existing applicant pool. . .”[8] as well as re-advertising the position. The fact that the Search Committee would revisit the existing pool necessarily means that there were others worthy of consideration but were found not to be as qualified as Attorney Franks.
Viewed in this light it cannot be said that the Committee engaged in merely a preliminary screening process. “Preliminary” is defined as “something that precedes a main discourse, work, design, or business: something introductory or preparatory.” Webster’s Third New International Dictionary, Merriam-Webster, 2002; or “coming before and usually leading up to the main part of something.” Black’s Law Dictionary, 7th Ed., 1999. By definition, a preliminary action implies something to follow, that is, a next step or action. In the context of §23B(8) the term implies that there will be a final selection process among those who have survived the earlier review. To read the statute in the light cast by the defendants would require the Court to interpret Clause (8) as permitting a screening committee to engage in repetitive reviews until it had narrowed a list of applicants down to a single individual. Had the Legislature intended such a sweeping exception to the Open Meeting Law it likely would have said so without the limiting language of Clause (8).
On the basis of the pleadings, supplemented by affidavits of various town officials, the Court finds that the Screening Committee exceeded the permissible bounds of G.L.c. 39, §23B(8) by conducting re-interviews of four applicants, and by selecting from three of the four finalists (the fourth applicant having withdrawn his/her name prior to September 7, 2006), a single name for recommendation to the Board of Selectmen. It conflated the separate functions of a preliminary screening process with a final selection process, and by doing so entirely in executive session, it violated the Open Meeting Law.[9]
Upon a violation of c. 39, §23B, the statute provides a range of remedies, including the power to invalidate actions taken at any meeting conducted in violation of the statute (provided a complaint is filed within twenty-one days), to order the public release of records of such meetings, a civil fine of up to $1,000 for each meeting held in violation of the statute, and such other relief as the court may order. Considering all of the circumstances surrounding the Search Committee’s screening of applicants, the Court finds that the remedy necessary to achieve the public’s right of access to decisions of its governmental bodies requires that the minutes of the Search Committee be released to the extent that such minutes relate to the selection and re-interview of the three candidates who were considered during the September 7, 2006 meeting of the Committee.[10] In light of the fact that a fourth candidate (who was re-interviewed and would have been deemed worthy of recommendation) withdrew their name from consideration, the Committee need not disclose minutes relating to that person or reveal their identity. Further, the Board of Selectmen should have the opportunity to consider all three of the candidates who were screened by the Search Committee and given second interviews, and the Court will therefore order that the Board of Selectmen consider, in open meeting, the applications of those candidates in addition to Attorney Franks, who were re-interviewed by the Search Committee. In the event that the Board, by appropriate vote, determines that further proceedings are necessary to make a final selection among the eligible candidates, it may void the vote taken on September 20, 2006 appointing Attorney Franks as Town Counsel. In the event that the Board, aware of the other candidates, ratifies its September 20, 2006 vote of appointment of Attorney Franks, then the decision of the Board may stand. Finally, in light of *547 the good faith interpretation by the Town of the scope of the Gerstein decision, the Court declines to impose a civil fine.
ORDER
Judgment shall enter for the plaintiff District Attorney. The Board of Selectmen of the Town of Westborough and the Town Counsel Search Committee shall forthwith make public minutes of the meetings of the Town Counsel Search Committee relating to second interviews of the three candidates for appointment who remained under consideration as of September 7, 2006, and minutes relating to the deliberations of the Committee on September 7, 2006 leading to the selection of Attorney Gregory B. Franks as a candidate. It is further ORDERED, that the Board of Selectmen shall, in open meeting, receive the minutes of its Town Counsel Search Committee as described above and shall determine, by appropriate vote, whether to conduct further consideration of the eligible candidates for the position of Town Counsel. If the Board acts other than by ratifying its selection of Attorney Franks, then the vote of appointment taken on September 20, 2006 shall be declared null and void.

The district attorney did not request immediate injunctive relief either in the complaint or through a separate pleading, relying instead on the statutory imperative that the Court determine the cause with “speediest possible determination . . . consistent with the rights of the parties”; G.L.c. 39, §23B.

The facts are drawn from the complaint to the extent they have been admitted by the defendants’ answer, and from affidavits submitted by individual Search Committee members and/or selectmen. On the basis of these materials the Court determines that it is able to determine the matter rendering further hearings unnecessary.

Although in their Answer the defendants deny so much of the complaint as alleges (in Paragraph 8) that they were to submit finalist names to the Board, the Committee’s subsequent conduct in making recommendation supports a conclusion that their mandate required it to submit finalist names.

The complaint alleges nine rather than eight applicants were selected for interviews. This discrepancy is not outcome determinative and therefore need not be resolved.

See Affidavit of Henry L. Danis, ¶¶7-8. Affidavits from other members of the Search Committee describe the interview processes similarly.

Answer, ¶23.

There is no disagreement that the Town Counsel Search Committee, organized by the Board of Selectmen, is a governmental body as defined under c. 39, §23A.

Affidavit of Henry L. Danis, Jr., ¶11. Identical assertions are made in affidavits submitted from other members of the Committee.

In light of this conclusion the Court does not address the separate claims within the complaint regarding alleged violations by the Board of Selectmen. The Court accepts the affidavit of Board Chair George Barrette that his reference to having been briefed throughout the screening process referred only to periodic progress reports and not to substantive disclosures of the Committee’s work.

The Court infers that the candidates who were invited for second interviews on September 7, 2006, are the same individuals that the Committee would have revisited had Mr. Franks not been appointed by the Board.